**FEDERAL LABOR RELATIONS
AUTHORITY, Respondent,**

v.

**NATIONAL ASSOCIATION OF
GOVERNMENT EMPLOYEES,
LOCAL R4–68, Petitioner.**

No. 85–2282.

United States Court of Appeals,
Fourth Circuit.

Argued July 15, 1986.

Decided Sept. 4, 1986.

Neil C. Bonney (White & Selkin, Robert
M. White, Norfolk, Va., on brief), for peti-
tioner.

Robert J. Englehart (Federal Labor Rela-
tions Authority, Ruth E. Peters, Sol., Ste-
ven H. Svartz, Deputy Sol., Pamela P.
Johnson, Washington, D.C., on brief), for
respondent.

Before WINTER, Chief Judge, and RUS-
SELL and WIDENER, Circuit Judges.

PER CURIAM:

National Association of Government Em-
ployees, Local R4–68 (the "union") seeks
review of an order of the Federal Labor
Relations Authority (the "Authority")
which dismissed the union's complaint,
charging that the Department of the Interi-
or, National Park Service, Colonial Nation-
al Historical Park, Yorktown, Virginia (the
"employer") violated the Federal Service
Labor-Management Relations Statute (the
"Act"), 5 U.S.C. §§ 7101 *et seq.* The basis
of the charge was that the employer failed
to disapprove a local collective bargaining
agreement within the time permitted by
law, so that the agreement automatically
became effective; however, the employer
refused to implement the agreement.

The Authority ruled that the agreement
had been disapproved within the requisite
period and thus did not become effective,
so that there was no transgression of the
Act. Department of the Interior, National
Park Service, Colonial National Historical
Park, Yorktown, Virginia, Case No. 4–CA–
30537, 20 F.L.R.A. No. 65 (October 28,
1985). We agree, and we affirm its deci-
sion and order.

I.

The operative facts may be stated suc-
cinctly. The union and the employer nego-
tiated a collective bargaining agreement
with respect to the nonsupervisory blue-col-
lar seasonal and permanent employees of
the Colonial National Historical Park,
Yorktown, Virginia. The agreement was
negotiated by the National Park Service
and it was subject to approval or disapprov-

al by the Department of the Interior in accordance with § 7114(c) of the Act.[1]

The agreement was executed on April 8, 1983, and it was submitted thereafter to the Department of the Interior for approval. On May 6, 1983, the appropriate representative of the Department of the Interior notified the Superintendent of the Colonial National Historical Park that the agreement was not approved, and on the same day the Superintendent gave telephone notice and had delivered written notice of disapproval to the union.

The notice to the Superintendent and his telephonic and written notice to the union were limited to the bare fact of disapproval. The reasons for disapproval were not then disclosed. However the reasons were contained in a memorandum which was received by the union on May 18, 1983. That memorandum identified the provisions of the agreement that the Department thought were outside of the duty to bargain,[2] and the reasons for that conclusion.

Both before and after receiving the copy of the memorandum, the union claimed that because it did not receive notice of the reasons for disapproval within the period of thirty days following execution of the agreement, the agreement became effective and the employer committed an unfair labor practice by refusing to observe the terms and provisions of the agreement. It filed its charge on July 20, 1983.

II.

This case turns on the question of whether the notice of disapproval was ineffective because it did not assign reasons therefor. The Authority ruled that the notice was effective. It cited its holding in American Federation of Government Employees, AFL-CIO, Local 2 and Department of the Army, U.S. Army Materiel Development and Readiness Command, Harry Diamond Laboratories, 11 FLRA 359 (1983) that a written notice of disapproval constituted an allegation of nonnegotiability so as to give rise to the right of Agency review of negotiability as provided in 5 C.F.R. §§ 2424.1 et seq. It also ruled that neither the statute nor the applicable regulations required any particular degree of specificity in a notice of disapproval, and only after an aggrieved party petitioned for review of a claim of nonnegotiability was the employer obliged to disclose the specifics of its claim. See 5 C.F.R. § 2424.6.

██ We agree. We also reject the union's argument that it would be unable to employ the procedures provided by regulation for review of a claim of nonnegotiability unless it knew the specifics of the claim. The regulations do not require specificity in the petition for review. See 5 C.F.R. § 2424.4. It would suffice for the union to file the executed agreement and allege that it had been disapproved.[3] The answer of the employer would put in issue precisely what is in dispute.

---

1. § 7114. **Representation rights and duties**

   (c)(1) An agreement between any agency and an exclusive representative shall be subject to approval by the head of the agency.

   (2) The head of the agency shall approve the agreement within 30 days from the date the agreement is executed if the agreement is in accordance with the provisions of this chapter and any other applicable law, rule, or regulation (unless the agency has granted an exception to the provision).

   (3) If the head of the agency does not approve or disapprove the agreement within the 30–day period, the agreement shall take effect and shall be binding on the agency and the exclusive representative subject to the provisions of this chapter and any other applicable law, rule, or regulation.

   (4) A local agreement subject to a national or other controlling agreement at a higher level shall be approved under the procedures of the controlling agreement or, if none, under regulations prescribed by the agency.

2. The right to bargain collectively is limited, inter alia, by the provisions of 5 U.S.C. § 7106.

3. We note also that three days remained in which to file a petition for review of negotiability after the memorandum disclosing the reasons for disapproval was served on the union. Even if the union genuinely doubted its ability to file a petition absent these reasons, there is no showing that it could not have done so in this three day period.

## 1486

### III.

For the reasons assigned by the Authority and those expressed herein, the decision and order of the authority are

AFFIRMED.